1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3    HONORABLE STANLEY BLUMENFELD, JR., U.S. DISTRICT COURT

4

5    UNITED STATES OF AMERICA,

6              Plaintiff,

7    vs.                          Case No. CR 21-559-SB-1

8    DAVID H. WRIGHT,

9              Defendant.
     _____/

10

11

12              REPORTER'S TRANSCRIPT OF
                CHANGE OF PLEA HEARING
13              TUESDAY, JANUARY 25, 2022
                     9:00 A.M.
14              LOS ANGELES, CALIFORNIA

15

16

17

18

19

20

21

22   _____

23        TERRI A. HOURIGAN, CSR NO. 3838, CCRR
          FEDERAL OFFICIAL COURT REPORTER
24        350 WEST FIRST STREET, ROOM 4311
          LOS ANGELES, CALIFORNIA  90012
25                (213) 894-2849

1  |            APPEARANCES OF COUNSEL:

2

3  | FOR THE PLAINTIFF:

4  |     UNITED STATE ATTORNEY'S OFFICE
   |     BY:  MELISSA E. MILLS
5  |          J. JAMARI BUXTON
   |     Assistant United States Attorneys
6  |     United States Courthouse
   |     312 North Spring Street
7  |     Los Angeles, California  90012

8

   | FOR THE DEFENDANT:
9
   |     VEDDER PRICE LLP
10 |     BY:  ANTHONY PACHECO
   |          BROOKE E. CONNER
11 |     Attorneys at Law
   |     1925 Century Park East, Suite 1900
12 |     Los Angeles, California  90067

13
   | ALSO PRESENT:   Special Agent Tony Logan
14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

1          **LOS ANGELES, CALIFORNIA; TUESDAY, JANUARY 25, 2022**

2                          **9:00 A.M.**

3                          --oOo--

4

5

6              (Court called to order.)

7                          * * *

8

9          THE COURTROOM DEPUTY:  Calling Item 1, Case No.

10   21-CR-559, *United States of America versus David Wright.*

11   Counsel, state your appearances starting with the government.

12          MS. MILLS:  Good morning, Your Honor.  Melissa Mills

13   and Jamari Buxton on behalf of the United States.  With us at

14   counsel table is FBI Special Agent Tony Logan.

15          MR. PACHECO:  Good morning, Your Honor.  Anthony

16   Pacheco on behalf of Mr. Wright, and also on the court's video

17   system is Brooke Conner, also with my law firm.

18          THE COURT:  Good morning.  Counsel, this matter is

19   here for a change of plea.  It is the Court's understanding

20   that the parties have reached a plea agreement in this matter.

21              Let me start by having Mr. Wright sworn in, so if

22   you would kindly do so.

23          THE COURTROOM DEPUTY:  Would you please raise your

24   right hand?

25              Do you solemnly swear that you will make true

1    answers to such questions that the Court will ask you regarding

2    your change of plea, so help you God?

3              THE DEFENDANT:  I do.

4              THE COURTROOM DEPUTY:  Thank you.

5              THE COURT:  Mr. Wright, let me first have you state

6    your full name.  It's David H. Wright, and tell me what your

7    middle name is.

8              THE DEFENDANT:  David Howard Wright.

9              THE COURT:  What is your date of birth, sir?

10             THE DEFENDANT:  March 9th, 1960.

11             THE COURT:  Am I correct that you did enter into a

12   plea agreement with the government and do wish to resolve this

13   matter?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  You have just taken an oath, and you

16   understand that you have sworn to tell the truth, and what that

17   means is that I'm going to be asking you questions here this

18   morning, and if you knowingly deceive the Court by providing

19   the Court with false or misleading information, that

20   constitutes a separate crime, which could be separately

21   prosecuted, it's called the crime of perjury.

22                  Do you understand that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  I will come back to you in a moment.

25   Let me just inquire of the government, first of all to the

1    extent that compliance is necessary, with regard to the

2    Victim's Rights Act has compliance been satisfied here?

3              MS. MILLS:  Yes, Your Honor.

4              THE COURT:  Also, I have had a chance to review the

5    plea agreement, and that was filed on December 6th of last

6    year.  That is the plea agreement that is operative in this

7    case?

8              MS. MILLS:  Yes, Your Honor, that's correct.

9              THE COURT:  The government has extended that

10   agreement to Mr. Wright?

11             MS. MILLS:  We have.

12             THE COURT:  Does the agreement contain the totality

13   of the promises that the government has offered in this matter?

14             MS. MILLS:  Yes, it does, Your Honor.

15             THE COURT:  Has the government made any promises

16   other than those that are contained in the plea agreement,

17   either to Mr. Wright or any of his legal or other

18   representatives?

19             MS. MILLS:  It has not.

20             THE COURT:  All right.  Thank you, counsel.

21             Let me just inquire of you, Mr. Pacheco first,

22   and I will get back to you, Mr. Wright.

23             I have had a chance to review the certification

24   that you have provided in this matter, and I want to make sure

25   that the certification is true and accurate.

1          First, if you can confirm for the Court that

2    you -- yes, it was you -- who signed the certification on

3    November 23, of 2021?

4          MR. PACHECO:  It is, Your Honor, I did sign.

5          THE COURT:  Did you go through this entire document

6    carefully with Mr. Wright?

7          MR. PACHECO:  I did, Your Honor.

8          THE COURT:  And are all of the statements that you

9    made in your certification true and correct?

10          MR. PACHECO:  Yes, Your Honor.

11          THE COURT:  So you did in fact carefully go through

12   this document with him, but also you carefully discussed with

13   him all of the facts and the applicable law in this case and

14   discussed with him as well what it means for him to enter into

15   this plea agreement, the consequences of doing so, and also

16   sentencing factors and guidelines and other applicable

17   sentencing issues?

18          MR. PACHECO:  Yes, I did, Your Honor.

19          THE COURT:  And was Mr. Wright fully cooperative

20   with you enabling you and your co-counsel to do your job in

21   this matter?

22          MR. PACHECO:  Yes, he was, Your Honor.

23          THE COURT:  So he was fully forthright as best you

24   could tell with regard to the facts and assisted you so that

25   you can do a thorough factual and legal investigation into this

1  matter?

2  MR. PACHECO:  Yes, Your Honor.

3  THE COURT:  And based upon all of the information

4  that you have discovered and your legal investigation, you are

5  satisfied that it is in your client's best interest to enter

6  into this plea agreement?

7  MR. PACHECO:  Yes, Your Honor.

8  THE COURT:  All right.  Thank you, counsel.

9  Now I will return to you, Mr. Wright.  And I do

10  see that you also have signed a certification as well as the

11  plea agreement itself.

12  Do you recall doing that, sir?

13  THE DEFENDANT:  Yes, I do, Your Honor.

14  THE COURT:  According to this certification, which

15  it appears you signed on November 21, if I'm reading the

16  handwriting correctly of 2021, you reviewed this plea agreement

17  thoroughly in its entirety; is that true?

18  THE DEFENDANT:  Yes, I did, Your Honor.

19  THE COURT:  You also had sufficient time to do so;

20  is that correct?

21  THE DEFENDANT:  Yes, I did, Your Honor.

22  THE COURT:  You also discussed carefully and

23  thoroughly all of the terms of the plea agreement with your

24  counsel?

25  THE DEFENDANT:  Yes, I did, Your Honor.

1           THE COURT:  And you do understand the nature of the

2   charge and the consequences of the plea as fully set forth in

3   this plea agreement?

4           THE DEFENDANT:  Yes, I do, Your Honor.

5           THE COURT:  Is also the case that your decision to

6   enter into this agreement is your decision and it is one that

7   has been reached by you voluntarily; is that also true?

8           THE DEFENDANT:  Yes, it is, Your Honor.

9           THE COURT:  Am I correct that you did in fact review

10  the evidence with your counsel as well as your rights and the

11  defenses to the charge in this case?

12          THE DEFENDANT:  Yes, I did, Your Honor.

13          THE COURT:  You also had an opportunity to discuss

14  with your counsel the sentencing guidelines and statutory

15  factors that may bear upon the Court's sentence in this matter

16  if I accept your change of plea?

17          THE DEFENDANT:  Yes, I did, Your Honor.

18          THE COURT:  Is it also true that you are satisfied

19  fully with the representation that you have received by your

20  counsel in this case?

21          THE DEFENDANT:  Yes, I am, Your Honor.

22          THE COURT:  Has anyone made any promises to you to

23  get you to enter into this agreement other than the promises

24  contained in the plea agreement?

25          THE DEFENDANT:  No, they haven't, Your Honor.

```
 1            THE COURT:  Anyone threaten you or anyone close to
 2    you to get you to enter this agreement?
 3            THE DEFENDANT:  No, they haven't, Your Honor.
 4            THE COURT:  So, let me suggest to you what I would
 5    imagine happened here, and I want you to either confirm it or
 6    tell me that is not true, which is that you carefully
 7    considered the charges, the defenses, you discussed all of that
 8    with your counsel, you received the best advice that you can
 9    get from counsel and ultimately what you did is you weighed the
10    pros and cons of either entering into this deal and giving up
11    your right to further fight the charges, or instead, to reject
12    the deal and go to trial and fight the charges.
13            And after kind of engaging in that balancing, you
14    concluded that it's in your best interest to accept the deal
15    and to give up your right to continue to fight this case.
16            Is that all true?
17            THE DEFENDANT:  Yes, that's the process I followed,
18    Your Honor.
19            THE COURT:  All right.  Do you have any questions so
20    far, Mr. Wright?
21            THE DEFENDANT:  No, I don't, Your Honor.
22            THE COURT:  Now you have been charged in the
23    information with Count 1, which is for federal program bribery
24    in violation of 18, U.S.C., Section 666(a)(1)(B), which is a
25    felony.
```

1          My understanding is that you wish to waive

2   further reading of the information because you have carefully

3   read it and addressed it with your counsel.

4          Is that true or not true?

5          THE DEFENDANT:  Yes, that's correct, Your Honor.

6          THE COURT:  Also, you do understand that you have

7   the right to a grand jury proceeding in this matter, which

8   means you have the right to have the government go before a

9   grand jury, present the evidence, and satisfy the grand jury by

10  a standard called probable cause that there is sufficient

11  evidence essentially to hold you to answer and to have you

12  proceed to trial.

13          You understand you have that right to a grand

14  jury proceeding, as I have described it?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  You are giving up that right; is that

17  correct?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Now, I want to make sure that I focus

20  you on a few items in the plea agreement, although, I don't

21  mean to say that certain items are more important than others,

22  because I do understand that you have read and understood

23  everything in this document carefully, and again, that is true?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  The count that you are charged with

1    federal program bribery, requires the government to prove

2    certain, what are called elements of that crime, by very a high

3    standard of proof.  It's called proof beyond a reasonable

4    doubt.

5              What they have to prove is, I'm sure you have

6    read in the plea agreement, that you were an agent of the

7    LADWP; that you corruptly solicited or demanded for the benefit

8    of any person anything of value; that you intended to be

9    influenced or rewarded in connection with any business

10   transaction or series of transactions of LADWP involving

11   anything of value of $5,000 or more; and finally, that LADWP

12   received in any one year period benefits in excess of $10,000

13   under a federal program involving a grant, contract, subsidy,

14   loan, guarantee, insurance, or any other form of federal

15   assistance.

16             Do you understand that that -- or those are the

17   elements of the offense of federal program bribery that the

18   government would have to prove at trial beyond a reasonable

19   doubt in order to obtain a conviction?

20             Do you understand that?

21        THE DEFENDANT:  Yes, I do, Your Honor.

22        THE COURT:  Do you also agree to the facts as set

23   forth in this plea agreement that would indicate that if this

24   case were to go to trial, the government has sufficient

25   evidence to convict you beyond a reasonable doubt?

1          Do you agree to that?

2          THE DEFENDANT:  Yes, I do, Your Honor.

3          THE COURT:  I want to turn your attention to the

4    factual basis, and I know that counsel has helpfully placed

5    that before you.

6              I'm referring now to page 5, which sets forth the

7    factual basis, but really makes reference to Exhibit A, which

8    follows this document at its conclusion.  So you will see there

9    is an Attachment A, and it's a very substantial factual basis.

10   It contains numerous pages.

11             And I want to first make sure that in fact you

12   have read through carefully, not just the plea agreement, but

13   the attachment, which is Exhibit A to the plea agreement, which

14   sets forth the factual basis.

15             Did you do that?

16          THE DEFENDANT:  Yes, I have, Your Honor.

17          THE COURT:  And did you read the factual basis

18   contained in Attachment A thoroughly and completely, every

19   single word?

20          THE DEFENDANT:  Yes, I did, Your Honor.

21          THE COURT:  And would it be helpful to you to either

22   have me or the government read it to you again or would that

23   effectively be a waste of time because you are familiar with

24   what it contains?

25             THE DEFENDANT:  I do not believe I need it read

1    again, Your Honor.

2          THE COURT:  All right.  So it would serve no purpose

3    to read this to you again because you are thoroughly familiar

4    with it having read it through at least one time completely?

5          THE DEFENDANT:  Correct.  I am familiar with it,

6    thank you.

7          THE COURT:  Does the government wish to read this to

8    Mr. Wright?

9          The Court does not believe it would serve any

10   legal purpose to do so, but if the government wants to in

11   abundance of caution, I will allow you to do it.  I oftentimes

12   read it, but I will not, given how lengthy this is.

13         MS. MILLS:  The government is happy to read the

14   factual basis to the defendant, however, the government is

15   satisfied that the Court has conducted adequate colloquy.

16         THE COURT:  So you are saying that you are satisfied

17   so that the government is not requesting that it be further

18   read to Mr. Wright or that it be read to him here in open

19   court?

20         MS. MILLS:  The government does not so request, Your

21   Honor.

22         THE COURT:  Thank you, counsel.

23         So I am satisfied.  And let me just also ask

24   Mr. Pacheco, are you of the same view, you have had discussions

25   with your client, you know whether this would serve any useful

1  purpose or whether it would be a waste of time?

2          MR. PACHECO:  It would not serve a useful legal

3  purpose.  I have reviewed this document carefully with my

4  client.  He's initialed every page of it, Your Honor, as well.

5          THE COURT:  Is that correct, Mr. Wright?  I do see

6  that each of these pages, and it is an exhibit that contains --

7  it looks like it's 17 pages, if I scroll through this

8  correctly.

9          And you have initialed each one of these pages

10  reflecting the fact that you read each one of these pages

11  including every single paragraph that is contained therein?

12          THE DEFENDANT:  Yes, I have, Your Honor.

13          THE COURT:  I am satisfied.  And you do understand

14  its contents fully and you agree that the facts as set forth

15  here are indeed factual; is that correct?

16          THE DEFENDANT:  Yes, I do, Your Honor.

17          THE COURT:  Is there anything in this factual basis

18  statement contained in Exhibit A that you believe is

19  inaccurate, incorrect, or wrong in any way?

20          THE DEFENDANT:  No.  There is nothing in the

21  statement I believe is incorrect or wrong in any way.

22          THE COURT:  I know that you have discussed this with

23  your counsel, but I want to go through a little bit some of the

24  sentencing considerations that you should have in mind.

25          First of all, the maximum potential sentence that

1    you are facing here is ten years in custody with a three-year

2    term of supervised release to follow the term of incarceration.

3                    And supervised release, as explained in the

4    agreement, as I'm sure you know, is a form of post-conviction

5    supervision, not dissimilar to what people understand to be

6    parole or probation in the sense that you would be subject to

7    various conditions, including, among other things, obeying all

8    laws and then there are other internal conditions within the

9    sentencing that would apply to you, and you'd have to comply

10   with all of the conditions of supervised release.  You would

11   have to check in with probation, the probation department

12   periodically, and your failure to comply with the terms and

13   conditions of supervised release would result, if there is a

14   violation in the potential, to return if you are placed in

15   custody to return to custody, or if you are not in custody, to

16   go into custody.

17                    Do you understand that?

18             THE DEFENDANT:  Yes, I do, Your Honor.

19             THE COURT:  Now also the maximum potential fine that

20   you are facing, in addition to the period of incarceration as

21   well as supervised release, is $250,000 or twice the amount of

22   the gain or loss, plus a mandatory special assessment of $100.

23                    Do you understand that?

24             THE DEFENDANT:  Yes, I do, Your Honor.

25             THE COURT:  Also, the process that the Court intends

1  to go through in deciding the appropriate sentence, more or

2  less, is as follows:  I'm going to look at the sentencing

3  guidelines, I will consult them.  They are not -- they don't

4  bind the Court in terms of the particular sentence that I elect

5  to select, but I will consult them and the factors while they

6  provide the Court some guideline information, may cause the

7  Court to consider varying either below or above those

8  guidelines.

9          I'm also going to take a look at the statutory

10  factors that I'm sure your counsel has discussed with you that

11  essentially guide the Court in terms of the objectives and

12  purposes of imposing a sentence in any given case.

13          I'm also going to be ordering a presentence

14  report.  You will be interviewed in that process.  You will

15  have an opportunity to see the presentence report that is

16  prepared by probation and to discuss that with your counsel.

17          Then I will take that into account, along with

18  any sentencing position papers that your counsel provides to

19  the Court as well as the government's position paper, and I

20  will then make a determination as to what an appropriate and

21  lawful sentence is.

22          What is important for you to understand is that

23  if in fact you are disappointed by the sentence, you are not

24  free then to withdraw from your plea agreement based upon that

25  disappointment.

 1              Instead, you will be bound by any lawful sentence
 2    that I impose.
 3              Do you understand that?
 4         THE DEFENDANT:  Yes, I do, Your Honor.
 5         THE COURT:  What you also have to understand is that
 6    you have able counsel, and I have no doubt they have provided
 7    you with some information as to what they think perhaps a range
 8    of an appropriate sentence might be, and all they are able to
 9    do is to give you their best judgment.
10              But ultimately, no one can tell you what the
11    sentence is going to be, and you cannot rely upon anything
12    anyone has told you, whether it's your counsel or anyone else.
13    The only thing you can rely upon is that I'm going to go
14    through a lawful process and impose a lawful sentence.
15              Do you understand that?
16         THE DEFENDANT:  Yes, I do, Your Honor.
17         THE COURT:  Now, you are giving up a number of
18    important constitutional rights by entering into this
19    agreement.
20              First of all, you have the right to be
21    represented by counsel throughout all of these proceedings as
22    you have been represented.
23              And if you couldn't afford counsel, you would
24    have the right to have the Court appoint counsel for you.
25              You the right to a speedy and public jury trial.

1 At trial, you have the right to present evidence on your own

2 behalf, using the subpoena power of the Court at no charge to

3 yourself; the right to confront all evidence presented against

4 you, the right to remain silent and not incriminate yourself.

5          Only the government has the burden of proof.

6 That burden, as I mentioned, is a high one, it's proof beyond a

7 reasonable doubt.  You have no burden at trial whatsoever,

8 which means you don't have to present any evidence.  You don't

9 have to testify.

10          On the other hand, if you elected to present a

11 defense and to testify, you could do that as well, and if you

12 wish to use the subpoena power of the Court at no charge to

13 yourself, you can do that.

14          Do you understand the rights you have to and at a

15 speedy and public jury trial?

16          THE DEFENDANT:  Yes, I do, Your Honor.

17          THE COURT:  You understand that a jury trial is a

18 trial comprised of 12 members selected from a fair

19 cross-section of the community who would decide the case.  So

20 it would be a jury that would decide this case, not myself or a

21 single individual, a judge.

22          Do you understand that?

23          THE DEFENDANT:  Yes, I do, Your Honor.

24          THE COURT:  That 12-member jury would have to decide

25 the case, not only beyond a reasonable doubt, but unanimously,

1   which means all 12 individuals would have to agree either to

2   return a verdict in your favor or against you.

3                    Do you understand that?

4                    THE DEFENDANT:  Yes, I do, Your Honor.

5                    THE COURT:  Now if you are not a U.S. citizen, by

6   entering into this agreement and being convicted of a felony,

7   you will be either removed or deported from the United States,

8   denied admission or readmission into the United States, and be

9   denied the ability to obtain U.S. citizenship.

10                    Do you understand that?

11                    THE DEFENDANT:  Yes, I do, Your Honor.

12                    THE COURT:  If you are currently on probation or

13   parole or any type of post community supervision, by entering

14   into this agreement, you will violate the terms and conditions

15   thereof.

16                    Do you understand that?

17                    THE DEFENDANT:  Yes, I do, Your Honor.

18                    THE COURT:  By being convicted of a felony, you will

19   also lose your right to vote, to hold public office, you will

20   also no longer have the right to be a juror.  You can't own,

21   use, possess, have custody or control knowingly of firearms,

22   ammunition, or ammunition-loading devices.

23                    Do you understand that?

24                    THE DEFENDANT:  Yes, I do, Your Honor.

25                    THE COURT:  In the plea agreement you have given up

1  a number of rights to an appeal or to attack the conviction or

2  sentence collaterally.

3            Do you understand that?

4            THE DEFENDANT:  Yes, I do, Your Honor.

5            THE COURT:  And I am going to read this to you and

6  just to focus your mind on the scope of the waiver that you

7  have agreed to which begins on page 8, and it indicates that

8  defendant understands that with the exception of an appeal

9  based on a claim that defendant's guilty plea was involuntary,

10  by pleading guilty, defendants is waiving and giving up any

11  right to appeal defendant's conviction on the offense to which

12  defendant is pleading guilty.

13            Defendant understands that this waiver includes,

14  but is not limited to, arguments that the statute to which

15  defendant is pleading guilty is un-constitutional, and any and

16  all claims that the statement of facts provided herein is

17  insufficient to support defendant's plea of guilty.

18            Defendant further agrees that provided the Court

19  imposes a total term of imprisonment on all counts of

20  conviction of no more than the statutory maximum of ten years,

21  defendant gives up the right to appeal all of the following:

22            A, the procedures and calculations used to

23  determine and impose any portion of the sentence.

24            B, the term of imprisonment imposed by the Court.

25            C, the fine imposed by the Court provided it is

1   within the statutory maximum.

2            D, to the extent permitted by law the

3   constitutionality or legality of defendant's sentence provided

4   it is within the statutory maximum.

5            E, the term of probation or supervised release

6   imposed by the Court, provided it is within the statutory

7   maximum.

8            And F, any of the following conditions of

9   probation or supervised release imposed by the Court, namely

10  the conditions set forth in the second amended General Order

11  20-04 of this Court, the drug testing conditions mandated by

12  18 U.S.C. Sections 3563(a)(5), and 3583(d) as well as the

13  alcohol and drug use conditions authorized by 18, U.S.C.,

14  Section 3563(b)(7).

15           For its part, the U. S. Attorney's Office agrees

16  that provided all portions of the sentence are at the statutory

17  maximum of ten years specified above, the U.S. Attorney's

18  Office gives up its right to appeal any portion of the

19  sentence.

20           Do you understand the scope of the waiver of your

21  appellate rights, as I have just described them?

22           THE DEFENDANT:  Yes, I do, Your Honor.

23           THE COURT:  And do you agree to the waiver to the

24  extent that I have now read them to you?

25           THE DEFENDANT:  Yes, I do, Your Honor.

1          THE COURT:  Mr. Wright, have you understood

2    everything that has happened so far here this morning?

3          THE DEFENDANT:  Yes, I have, Your Honor.

4          THE COURT:  And you also have understood the

5    questions that I have asked of you and answered them truthfully

6    and correctly?

7          THE DEFENDANT:  Yes, I have, Your Honor.

8          THE COURT:  Do you understand the consequences of

9    changing your plea from not guilty to guilty here this morning?

10          THE DEFENDANT:  Yes, I do, Your Honor.

11          THE COURT:  And are you able to make appropriate and

12    good decisions for yourself here this morning?

13          THE DEFENDANT:  Yes, I am, Your Honor.

14          THE COURT:  And here is what I'm driving at,

15    Mr. Wright, is there anything at all that the Court should be

16    aware of that would affect your ability to decide to change

17    your plea here this morning, anything like you're under some

18    type of medication, some controlled substance, alcohol, or any

19    kind of prescription medication, anything at all that would

20    affect or impair your ability to think clearly and exercise

21    your best judgment here this morning?

22          THE DEFENDANT:  No.  There is nothing that would

23    affect or impair my ability and judgment.

24          THE COURT:  And is there any reason why the Court

25    should not accept your decision here today, assuming it's

1    forthcoming, to change your plea?

2            THE DEFENDANT:  No, there isn't, Your Honor.

3            THE COURT:  Before I take the plea, is there

4    anything that the Court has omitted that the government would

5    like me to cover?

6            MS. MILLS:  No, Your Honor.  Thank you.

7            THE COURT:  Same question, Mr. Pacheco, on behalf of

8    your client?

9            MR. PACHECO:  No, Your Honor.

10            THE COURT:  Very well.  Then, Mr. Wright, you are

11    charged in Count 1, as indicated previously in the information

12    with federal program bribery in violation of 18, U.S.C.,

13    Section 666(a)(1)(B), which is a felony.

14                How do you choose to plead to that charge?

15            THE DEFENDANT:  Guilty, Your Honor.

16            THE COURT:  And are you pleading guilty because in

17    fact you are guilty that you committed the charged acts as set

18    forth in the factual basis, which is contained in Exhibit A of

19    the plea agreement?

20            THE DEFENDANT:  Yes, I am, Your Honor.

21            THE COURT:  Counsel, do you join in the waivers,

22    concur in the plea, and stipulate that there is indeed a

23    factual basis based upon Exhibit A?

24            MR. PACHECO:  Yes, Your Honor.

25            THE COURT:  The Court makes the following findings:

1    The Court finds that the plea agreement and waivers were made

2    knowingly, intelligently, voluntarily, and free of any

3    coercion, promises other than those contained in the plea

4    agreement, and free of any threats, also with the full

5    knowledge of the charges and the consequences of the plea.

6              I have had an opportunity to observe Mr. Wright

7    and to consider his demeanor as well as the plea agreement, and

8    I am satisfied that there is a factual basis for this plea and

9    that his plea has indeed been made with an understanding and

10   with an intention necessary for this to be a knowing and

11   intelligent and voluntary plea.

12             With that, I do find Mr. Wright guilty on Count 1

13   of the information, and I am incorporating the plea agreement

14   into the record.

15             I'm going to set this matter for sentencing on

16   the date that the parties have agreed upon, which is April 26,

17   it will be at 8 o'clock.

18             I have a trial set for that date that I'm

19   expecting to go, so the parties do need to start or be here at

20   8 o'clock.

21             And, Mr. Wright, and I generally advise this of

22   defendants, so don't read anything that I'm telling you into

23   this, but you are going to remain out on bond, and you are

24   going to have to make sure you continue to comply with the

25   conditions of bond.  Your failure to do so will have serious

1    consequences.

2                You also have to return here on April 26, at

3    8 o'clock for sentencing.

4                And you should be prepared for being remanded in

5    the event that the Court does impose a custodial sentence.

6                As I say, I tell you that, as I generally tell

7    all defendants who are out on bond, so that they are prepared

8    to avoid a situation where someone tells me, even though when

9    they have been out that I need time to get my affairs in order.

10               So just make sure that you are prepared in the

11   event that I opt to remand you on that date.  Understood?

12               THE DEFENDANT:  Yes, Your Honor.

13               THE COURT:  All right.  Is there anything further

14   that we need to accomplish this morning, for the government?

15               MS. MILLS:  Not for the government, Your Honor.

16   Thank you.

17               THE COURT:  Same question, Mr. Pacheco, on behalf of

18   your client?

19               MR. PACHECO:  No, Your Honor.

20               THE COURT:  Then with that, we are concluded with

21   this matter, and we are in recess.  Thank you.

22               THE COURTROOM DEPUTY:  All rise.  Court is in

23   recess.

24               (The proceedings concluded at 9:30 a.m.)

25                                      * * *

1              **CERTIFICATE OF OFFICIAL REPORTER**

2

3    COUNTY OF LOS ANGELES    )
                              )
4    STATE OF CALIFORNIA      )

5

6              I, TERRI A. HOURIGAN, Federal Official Realtime

7    Court Reporter, in and for the United States District Court for

8    the Central District of California, do hereby certify that

9    pursuant to Section 753, Title 28, United States Code that the

10   foregoing is a true and correct transcript of the

11   stenographically reported proceedings held in the

12   above-entitled matter and that the transcript page format is in

13   conformance with the regulations of the judicial conference of

14   the United States.

15

16   Date:  February 4, 2022

17

18

19                        /s/ TERRI A. HOURIGAN
                    _____
20                  TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                          Federal Official Court Reporter
21

22

23

24

25

**UNITED STATES DISTRICT COURT**